# EXHIBIT A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CARMEN VALDES

      Plaintiff,

vs.

Case No. 2020-011705-CA

WALMART INC, a foreign Corporation

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** WALMART INC, through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

NATHALY SAAVEDRA, ESQ.
PEREGONZA LAW GROUP, PLLC.
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint. You must also file your answer
with the Clerk of this Court within a reasonable period of time after service.

6/4/2020

_____
CLERK

_____
(BY) DEPUTY CLERK

_____
DATE

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CARMEN VALDES

      Plaintiff,

vs.                    Case No.

WALMART INC, a foreign Corporation

      Defendant.

_____/

## COMPLAINT

    Plaintiff CARMEN VALDES, (hereinafter "Plaintiff,, or "VALDES,,) by and through her

undersigned attorney hereby sues defendant WALMART INC, a foreign Corporation (hereinafter,

"Defendant"), a corporation, and says:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices
   committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of
   Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil
   Rights Act ("FCRA,,), §§ 760.01-760.11 and Florida workers' compensation laws under
   Florida Statutes § 440.205.

2. This Court has jurisdiction of the claims herein pursuant to the FCRA.

3. The claims asserted in this Complaint arose in Miami Dade County, Florida during the course
   of Plaintiff's employment with Defendant.

4. Venue is proper in this Court since Plaintiff was employed by Defendant in Miami-Dade,
   Florida.

1

## PARTIES

5. Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within Miami-Dade Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is a female. She is therefore a member of a class protected under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and the Florida Civil Rights Act (Fla. Stat. § 760.01 *et seq.*, and hereinafter "FCRA") because the terms, conditions, and privileges of her employment were altered because of her gender.

7. Further, Plaintiff was retaliated against for her complaints of discriminatory conduct on behalf of Defendant which places her within a class protected under Title VII and the FCRA.

8. Defendant is a foreign corporation organized and existing in Delaware with its principal place of business in Arizona and authorized to do business in Florida. Defendant operates several stores nationwide. Specifically, Plaintiff worked in store #5945 located in Hialeah, Florida.

9. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff was, at all times relevant, an employee of Defendant as that term is defined in Florida Statutes § 440.02(15)(a).

11. Defendant was, at all times relevant, an employer as that term is defined in Fla. Stat. § 440.02 (16)(a).

12. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

2

13. Plaintiff's Charge was filed on or about August 13, 2019. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

14. Plaintiff was terminated from her position on July 22, 2019. Her Charge was therefore timely filed.

15. Plaintiff was issued a Notice of Right to Sue on May 29, 2020. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

16. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

17. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

18. Plaintiff was hired by Defendant in February 11, 2012 as cashier.

19. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion.

20. In 2016, Plaintiff had a work-related accident. As a result, Plaintiff sought workers' compensation benefits for reimbursement of medical bills in accordance with the provisions of the Workers' Compensation Law.

21. In retaliation for seeking benefits, Plaintiff was transferred to the Produce Department by her manager Pavel Aragon (hereinafter "Aragon,,). With the transfer Plaintiff's hours were dramatically reduced, putting her full-time status in danger.

22. During her time in this new department, Plaintiff discovered that the male employees in the department were paid more than her.

3

23. Plaintiff complained about the disparate treatment. Specifically, in September 2018, Plaintiff's workers' compensation attorney notified the Defendant of the retaliation.

24. Furthermore, Plaintiff complained to Aragon about the disparate pay between male employees and female employees in the produce department.

25. In March 2019, after Plaintiff's complaints, Plaintiff was transferred to another position wherein her hours were drastically reduced from forty (40) hours per week to 6-12 hours a week. This drastic reduction in hours, affected Plaintiff's status of full-time employee which in turn affected her eligibility for benefits.

26. On July 4, 2019, Plaintiff met with Rick Gonzalez, Human Resources Coordinator (hereinafter "Gonzalez,,) to file a formal complaint regarding the discriminatory and retaliatory treatment she was being subjected to.

27. On or about July 22, 2019, within a few weeks of her meeting with Human Resources, Plaintiff was terminated.

28. Defendant acted with intentional disregard for Plaintiff's rights under Title VII, the FCRA, and the Fla. § 440.205.

29. At all times relevant, Plaintiff was qualified for her position with Defendant in that she worked for the Defendant for nearly six (6) years without disciplinary action.

30. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

31. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's sex, or complaints of discrimination, and/or her seeking benefits for workers' compensation were motivating factor(s) in the decision for the adverse employment action(s).

4

32. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

33. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON SEX)

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 of this complaint as if set out in full herein.

35. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff.

36. Plaintiff is a member of a protected class, to wit, female.

37. Defendant, by and through its owner and managers, did not treat Plaintiff the same as other male employees as alleged above.

38. Aragon and Gonzalez acted on behalf of Defendant and acted within the scope of their duties.

39. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment

5

opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.,,

40. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, male employees were allowed better work opportunities by not being subjected to unfair treatment.

41. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

42. The Plaintiff was qualified for the position apart from being a female.

43. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

44. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

45. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

46. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was a female, in violation of the Act.

47. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's gender, was a motivating factor in the decision for the adverse employment action(s).

48. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered

6

serious economic losses as well as mental pain and suffering.

49. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

50. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon, Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

7

## COUNT II
## VIOLATION OF THE CIVIL RIGHTS ACT
## (RETALIATION)

51. Plaintiff incorporates herein the allegations contained in paragraphs 1–33, inclusive, as though same were fully re-written, and says:

52. Plaintiff is a member of a protected class under Title VII, to wit she complained of discriminatory treatment.

53. Since Aragon became Plaintiff's supervisor, Plaintiff made several complaints of disparate treatment to both Aragon and Gonzalez as previously stated.

54. Among other complaints, on July 4, 2019, Plaintiff met with Gonzalez to report the disparate treatment she was being subjected to by Aragon.

55. On or about July 22, 2019, as a direct result of Plaintiff's complaints of discrimination, Plaintiff was terminated by Defendant.

56. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

57. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon, Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

58. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified retaliation against Plaintiff for her complaints of disparate treatment.

59. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

    A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

    B. The Court award punitive damages as permitted under the law;

    C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON SEX)

60. Plaintiff re-avers and re-states paragraphs 1–33 above, as though the same were fully re-written herein, and says:

9

61. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA,,), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her gender, Female.

62. Plaintiff is a member of a protected class, to wit, female.

63. Defendant, by and through its supervisors, by the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to animosity based on her gender.

64. Defendant's managers acted with intentional disregard for Plaintiff's rights as a woman under the FCRA.

65. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff.

66. Defendant did not provide Plaintiff with a reason for the disparate treatment she was subjected to.

67. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's gender, was a motivating factor in the decision for the adverse employment action(s).

68. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

69. Specifically, Aragon and Gonzalez as manager and HR representative, at all material times, acted on behalf of Defendant and acted within the scope of their duties.

70. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

10

71. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

72. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon and Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

   WHEREFORE, Plaintiff requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

   B. The Court award punitive damages as permitted under the law;

   C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

   E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

73. Plaintiff re-alleges and re-avers paragraphs 1-33 as though full set forth herein.

74. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

75. Plaintiff made several complaints of disparate treatment to both Aragon and Gonzalez.

76. Among other complaints, on July 4, 2019, Plaintiff met with Gonzalez to report the disparate treatment she was being subjected to by Aragon.

77. Plaintiff's complaints of disparate treatment as stated above, were protected activity under the FCRA.

78. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

79. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

80. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

81. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon, Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

82. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified retaliation against Plaintiff for her complaints of disparate treatment.

83. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaint(s) of discrimination, were a motivating factor in the decision for the adverse employment action(s).

84. Plaintiff further seeks her attorney's fees and costs as permitted by law.

   WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

   B. The Court award punitive damages as permitted under the law;

   C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

   E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## VIOLATION OF WORKERS' COMPENSATION LAWS

85. Plaintiff re-alleges and re-avers paragraphs 1-33 as though fully set forth herein.

13

86. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

87. Plaintiff sought workers' compensation benefits for reimbursement of medical bills in accordance with the provisions of the Workers' Compensation Law.

88. Thereafter, Plaintiff's hours were drastically reduced.

89. It is clear that Defendant took adverse employment actions against Plaintiff because of her valid claim for compensation under the Workers' Compensation Law.

90. Plaintiff's compensation claim was a motivating factor in Defendant's decision to reduce Plaintiff's hours and ultimately terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

91. Plaintiff's work record with Defendant prior to her termination was satisfactory.

92. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon, Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

93. Any purported reason for Plaintiff's discharge given by Defendant is pretextual.

WHEREFORE, Plaintiff demands judgment for:

- A. Plaintiff's lost wages and/or benefits as a result of her termination;

- B. Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

- C. Interest on all monies owed;

14

D. Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

E. A trial by jury; and

F. Any other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff CARMEN VALDES demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 3, 2020

**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I. CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Carmen Valdes</u>
 Plaintiff
              vs.
<u>Walmart Inc.,</u>
Defendant

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>200,000</u>

**III. TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
　☐ Business governance
　☐ Business torts
　☐ Environmental/Toxic tort
　☐ Third party indemnification
　☐ Construction defect
　☐ Mass tort
　☐ Negligent security
　☐ Nursing home negligence
　☐ Premises liability – commercial
　☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
　☐ Commercial foreclosure
　☐ Homestead residential foreclosure
　☐ Non-homestead residential foreclosure
　☐ Other real property actions
☐ Professional malpractice
　☐ Malpractice – business
　☐ Malpractice – medical

　☐ Malpractice – other professional
☒ Other
　☐ Antitrust/Trade Regulation
　☐ Business Transaction
　☐ Circuit Civil - Not Applicable
　☐ Constitutional challenge-statute or ordinance
　☐ Constitutional challenge-proposed amendment
　☐ Corporate Trusts
　☒ Discrimination-employment or other
　☐ Insurance claims
　☐ Intellectual property
　☐ Libel/Slander
　☐ Shareholder derivative action
　☐ Securities litigation
　☐ Trade secrets
　☐ Trust litigation

☐ County Civil
　☐ Small Claims up to $8,000
　☐ Civil
　☐ Replevins
　☐ Evictions
　☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☒ Punitive

**V.  NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>5</u>

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Juan J. Perez</u>
              Attorney or party
FL Bar No.:  <u>115784</u>
              (Bar number, if attorney)
              <u>Juan J. Perez</u>
              (Type or print name)
         Date:  <u>06/03/2020</u>

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CARMEN VALDES

      Plaintiff,

vs.                              Case No. 2020-011705-CA

WALMART INC, a foreign Corporation

      Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** WALMART INC**,** through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

NATHALY SAAVEDRA, ESQ.
PEREGONZA LAW GROUP, PLLC.
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                DATE
_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

CARMEN VALDES

     Plaintiff,

vs.                                  Case No. 2020-011705-CA

WALMART INC, a foreign Corporation

     Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** WALMART INC**,** through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

NATHALY SAAVEDRA, ESQ.
PEREGONZA LAW GROUP, PLLC.
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

6/4/2020

_____         _____
CLERK                                      DATE

(BY) DEPUTY CLERK

## **VERIFIED RETURN OF SERVICE**

**State of Florida**                    **County of MIAMI DADE**                    **Circuit Court**

Case Number: 2020-011705-CA

Plaintiff:
**CARMEN VALDES**

vs.

Defendant:
**WALMART INC, a foreign Corporation**

For:
PEREGONZA LAW GROUP
1414 NW 107TH AVE
SUITE 302
DORAL, FL 33172

Received by Statewide Process Service, Inc on the 15th day of June, 2020 at 12:09 pm to be served on **Walmart Inc, Through Its Registered Agent: Ct Corporation System, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**.

I, Kimberly Urtnowski, do hereby affirm that on the **15th day of June, 2020** at **1:55 pm, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and time of service along with my initials and server number (if assigned one) endorsed thereon by me, to: **Donna Moch** as **Senior Corp Ops Manager** for **Walmart Inc, Through Its Registered Agent: Ct Corporation System**, at the address of: **1200 SOUTH PINE ISLAND ROAD, Suite 250, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50+, Sex: F, Race/Skin Color: White, Height: 5'4, Weight: 125, Hair: Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing Affidavit of Service and that the facts stated in it are true to the best of my knowledge.. Notary not required pursuant to F.S. 92.525 (2)

**Kimberly Urtnowski**
Process Server 1493

**Statewide Process Service, Inc**
**5727 NW 7th Street**
**Suite 317**
**Miami, FL 33126**
**(786) 512-5440**

Our Job Serial Number: OCH-2020000731

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1k

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA**

CARMEN VALDES,

        Plaintiff,

    v.                                Case No.: 2020-011705-CA

WALMART INC.,

        Defendant.

**DEFENDANT'S *UNOPPOSED* MOTION FOR EXTENSION
OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Pursuant to Florida Rule of Civil Procedure 1.090, Defendant, Walmart Inc. ("Defendant"), by and through its undersigned attorney, hereby moves for an enlargement of time of eleven (11) days, up to and including July 17, 2020, to respond to the Complaint filed in this cause by the Plaintiff, Carmen Valdes ("Plaintiff"), and in support thereof state as follows:

1.      On June 4, 2020, Plaintiff filed her Complaint against Defendant.

2.      Defendant's registered agent was served with the Complaint on June 15, 2020. As a result, Defendant's responsive pleading is due to be filed on or before July 6, 2020.

3.      Defendant requests that this court grant it an eleven (11) day extension of time to file a response to Plaintiff's Complaint, up to, and including, July 17, 2020.

4.      This court may enlarge any period of time for cause shown. Fla. R. Civ. P. 1.090.

5.      Cause exists for granting Defendant an extension of time based upon the following. Undersigned counsel was recently retained by Defendant in this action, and undersigned counsel needs additional time to obtain the information needed to prepare a response to Plaintiff's Complaint. This Motion is filed within the deadline for responding to the Complaint, and is not filed for the purpose of delaying these proceedings.

6.      Plaintiff's counsel has no objection to the relief sought in this Motion.

WHEREFORE, Walmart Inc., respectfully requests that this Court grant an extension for

Defendant to file a Response to Plaintiff's Complaint, up to, and including, July 17, 2020.

Dated:  July 6, 2020                          Respectfully submitted,

**FORDHARRISON LLP**

/s/ *Fabian A. Ruiz*
Amy R. Turci
Florida Bar No.: 349630
aturci@fordharrison.com
225 Water Street Ste 710
Jacksonville, FL, 33202
Tel: (904) 357-2000
Fax: (904) 357-2001

Fabian A. Ruiz
Florida Bar No.: 117928
fruiz@fordharrison.com
1 SE 3rd Avenue, Ste 2130
Miami, FL, 33130
Tel: (305) 808-2100
Fax: (305) 808-2101
Attorneys for Defendant
WALMART INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of July, 2020, I electronically filed the foregoing document with the Clerk of the Court using the Florida e-Filing Portal Electronic Docketing System.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by Florida's e-Filing Portal Electronic Docketing System or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

### <u>SERVICE LIST</u>

Nathaly Saavedra
nathaly@peregonza.com
Juan J. Perez
juan@peregonza.com
PEREGONZA LAW GROUP, PLLC
1414 NW 107th Avenue, Suite 302
Doral, Florida 33172
Tel:  (786) 650-0202
Fax:  (786) 650-0200
***Attorneys for Plaintiff***

**FORDHARRISON LLP**

*/s/ Fabian A. Ruiz*
Fabian A. Ruiz

Filing # 110258208 E-Filed 07/14/2020 05:15:17 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2020-011705-CA-01
SECTION: CA31
JUDGE: Spencer Eig

**Carmen Valdes**

Plaintiff(s)

vs.

**Walmart Inc.,**

Defendant(s)

_____/

## AGREED ORDER EXTENDING TIME TO RESPOND TO COMPLAINT

THIS CAUSE having come before the Court upon Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint, and the Court having been informed of the agreement of counsel, it is hereby:

ORDERED and ADJUDGED that Defendant's Motion is Granted. Defendant shall file a response to Plaintiff's Complaint on or before July 17, 2020.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 14th day of July, 2020.

2020-011705-CA-01 07-14-2020 5:06 PM

2020-011705-CA-01 07-14-2020 5:06 PM
Hon. Spencer Eig

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Fabian A. Ruiz, fruiz@fordharrison.com
Juan J. Perez, juan@peregonza.com
Juan J. Perez, eservice@peregonza.com
Juan J. Perez, office@peregonza.com
Martha Purdy, mpurdy@fordharrison.com
Nathaly Saavedra, nathaly@peregonza.com
Nathaly Saavedra, office@peregonza.com

**Physically Served:**